UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LASHONE BRADDOCK,

    Plaintiff,                      CIVIL ACTION NO. 06-CV-11013

v.                                     DISTRICT JUDGE GERALD E. ROSEN

SAGINAW COUNTY, SAGINAW        MAGISTRATE JUDGE DONALD A. SCHEER
COUNTY SHERIFF'S DEP'T,
MUNICIPAL GOVERNMENT
ENTITIES, CHARLES BROWN,
SGT DAVE MACMANN, OFFICER
JOHN DOE, and JANE DOE;

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\*   \*   \*

Plaintiff, while incarcerated at the Saginaw County Jail,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 9, 2006, against the above named defendants. Plaintiff alleged that upon his admittance to the Saginaw County Jail in July 2000, as a pretrial detainee, he was subjected to conditions of confinement that constituted cruel and unusual punishment in violation of Eighth Amendment guarantees. Plaintiff sought compensatory and punitive damages. For reasons

---

[1] Plaintiff is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan.

stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must

show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003). He must also administratively exhaust his claim as to each defendant associated with the claim. Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003).  In the case of a mixed complaint, which contains both unexhausted and exhausted claims, the Sixth Circuit has ruled that total exhaustion of all claims is required under the PLRA. Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005).

Plaintiff acknowledged in his Complaint that he did not exhaust his administrative remedies.  He claimed that the Saginaw County Jail did not have a formal grievance process.  Plaintiff stated that he alternatively filed an informal grievance on January 20, 2006, but that the grievance was returned by jail officials because it was untimely (See Exhibits B and C attached to Complaint). Contrary to Plaintiff's assertion, the Saginaw County Sheriff Department has a formal inmate grievance procedure.  Moreover, all Saginaw County Jail inmates are given written notice of the inmate grievance procedure. The grievance procedure is specifically referenced and explained in the Saginaw County Sheriff's Department Corrective Services Inmate Guide that is provided to all inmates upon their arrival at the jail (See Jail Grievance Procedure attached as Exhibit 5 of Defendants' Motion to Dismiss).

Saginaw County Jail officials did find the unexhausted grievance signed by Plaintiff, dated January 20, 2006, complaining that he had been subjected to strip searches immediately after being admitted to the jail in July 2000.  Significantly, this grievance did not specifically name the Defendants in the instant lawsuit, other than Sargent MacMann, and addressed only some of the claims raised by Plaintiff in the instant lawsuit. Even if

Plaintiff's grievance had been properly filed and processed, he would still have failed to exhaust his administrative remedies as required by § 1997e(a). The PLRA clearly makes exhaustion as to each defendant and claim a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002). The time for proving exhaustion is when the original complaint is filed, and not thereafter.

Plaintiff has failed to show that he pursued grievances against all the Defendants at all levels of administrative review, or that he was precluded from doing so.  As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997).

STATUTE OF LIMITATIONS

Alternatively, it is well settled that the limitations period for § 1983 claims is the state's general or residual statute applicable to personal injury actions.  Owens v. Okure, 488 U.S. 235, 2490-250 (1989); Wilson v. Garcia, 471 U.S. 261, 268-270 (1985); Carrol v. Wilkerson, 782 F.2d 44 (6th Cir. 1986)(all section 1983 claims should be characterized in the same way for limitations purposes and such claims are best characterized as personal injury claims).

Michigan has a three-year statute of limitations for personal injury claims. MCLA § 600.5805(8).  Plaintiff commenced this action on March 9, 2006, more than three years after the events of July 7, 2000, upon which his claims are based.  Since Plaintiff has not

asserted that the three year statute of limitations was tolled[2] by any applicable statutory disability, the claims against all the Defendants should be dismissed as time barred.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Rosen's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: May 30, 2006

_____

**CERTIFICATE OF SERVICE**

I hereby certify on May 30, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 30, 2006. **Derrick Lashone Braddock**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

---

[2] While Plaintiff has been in prison since the cause of action accrued, he cannot raise an imprisonment disability claim in response to a statute of limitations defense. The imprisonment disability statute was amended in 1993, notifying all prisoners that they had one year from April 1994, the effective date of the amendment, to bring any cause of action that may have accrued. MCLA 600.5851(9). For causes of action arising after April 1994, the standard three year statute of limitations applies. Paige v. Pandya, 238 F.3d 423 (Table) 2000 WL 1828653 (6th Cir. 2000); Wallace v. Engler, 1997 WL 111777 (E.D. Mich 1997). Here, Plaintiff's March 2006, filing date falls outside the 1 and 3 year windows following the effective date of the amendment.